UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT HOLCOMB,

    Plaintiff,

v.                              Case No:   2:13-cv-697-Ftm-29DNF

MIKE SCOTT, THOMAS ELLEGOOD,
THOMAS EBERHARDT, EDWARD
LEVENS and SERGEANT DAROSS,

    Defendants.
_____/

## ORDER OF DISMISSAL

On November 7, 2013, Plaintiff was ordered to show cause why his complaint should not be dismissed due to his failure to reveal his litigation history (Doc. 15).  As of the date on this Order, Plaintiff has failed to comply.  For the reasons set forth in this Order, Plaintiff's complaint is dismissed without prejudice.

Plaintiff signed his amended complaint under penalty of perjury on September 24, 2013 (Doc. 1).  In the complaint, Plaintiff claimed that the guards at the Lee County Jail used unnecessary force and deprived him of his property.  Id. Plaintiff was questioned in Section IV of the complaint form whether he had initiated other lawsuits in federal court "dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions

thereof." Id. at 5.  In response, Plaintiff checked "no".  Id. However, in 2008, Plaintiff filed Case No. 6:08-cv-896-28DAB in federal court dealing with the Brevard County Jail's alleged deprivation of his property.  Likewise, on his complaint form in Case No. 6:08-cv-896-28DAB, Plaintiff stated that he had filed a state court case regarding the Washington County Jail's deprivation of his property (Case No. 6.08-cv-896 at Doc. 1).

Providing false information to the court is, in-and-of itself, a valid ground for dismissing a complaint. See Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action); see also Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that "the district court was correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010)(upholding district court's dismissal noting that "[e]ven if [Plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young v. Secretary Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same).

2

An action is deemed malicious when a plaintiff affirmatively misrepresents his prior litigation history on a complaint form that requires disclosure of such history and signs it under penalty of perjury. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (finding an action that had been dismissed for abusing the legal process because an inmate lied under penalty of perjury about a prior lawsuit to be malicious), abrogated on other grounds by Jones v. Brock, 549 U.S. 199 (2007). Despite being provided an opportunity to do so, Plaintiff has not explained his failure to provide his litigation history. Accordingly, Plaintiff's complaint is dismissed as malicious under 28 U.S.C. § 1915(e)(2)(b)(i) because of his failure to honestly provide the Court with his litigation history.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(i)[1].

2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED.**

---

[1] A dismissal without prejudice does not excuse Plaintiff from any applicable statute of limitation.

3. The **Clerk of the Court** is directed to terminate all pending motions, to close this case, and to enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this  6th  day of December, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4  12/6/13
Copies furnished to:
Robert Holcomb